PER CURIAM.
The State Road Department of Florida has filed in this Court a Suggestion for Writ of Prohibition directed to Honorable Hugh M. Taylor, as Judge of the Circuit Court of the Second Judicial Circuit for Leon County, prohibiting Judge Taylor from entertaining jurisdiction in a certain civil action pending in that court entitled Clinton B. F. Brill, plaintiff, v. State Road Department of Florida, defendant, Case No. 10660.
The suggestion alleges that the complaint filed by the plaintiff Brill in the suit sought to be prohibited seeks a money judgment for losses sustained by him arising from an alleged breach by the State Road Department of a formal contract, and several written modifications thereof. The suggestion alleges that the defendant Road Department filed a motion to dismiss the complaint in which it challenged the jurisdiction of the court to entertain the action on *749 the ground of sovereign immunity; that under Section 337.19(1), Florida Statutes, F.S.A., suits at law and in equity may he brought and maintained by and against the State Road Department on any claim under contract for work done; provided, that no suit sounding in tort shall be maintained against the Department;[1] that the cause of action sued upon by the plaintiff Brill is not on a claim for work done, but for breach of contract; that respondent denied the motion to dismiss the complaint and held the court had jurisdiction to entertain the action and adjudicate the issues raised by the complaint; that as a result the Road Department will be required to defend the action at great expense and inconvenience unless Judge Taylor is prohibited from entertaining jurisdiction and proceeding further with the cause. The suggestion alleges that it was the legislative intent to waive sovereign immunity only in suits against the State Road Department in which the work done was completed. Based upon the foregoing allegations, the Road Department prays that this Court issue the writ of prohibition as prayed.
From the allegations of the suggestion it appears to be the Road Department’s contention that as a component agency of the State of Florida, it is immune from suits at law or in equity except in those instances in which the State has given its consent to be sued. It takes the further position that the only statute giving consent of the State for suit to be brought against the Road Department is Section 337.19(1) which authorizes such suits only on claims under contract for work performed and completed. The Department urges that the Brill suit sought to be prohibited is one seeking a money judgment for losses sustained as a result of a breach of contract by the Depart-' ment, and not on a claim under contract for work done and completed. It is contended that the Brill suit is not the type of action which is permitted under the statute.
The suggestion does not incorporate either by direct allegations or by reference a copy of the complaint filed by Brill by which he seeks a money judgment for breach of contract. This Court is therefore unable to determine whether the cause of action sued upon is based upon a claim under contract for work done as permitted by the statute. It well may be that although the complaint seeks a money judgment based on an alleged breach of contract by the Department as alleged in the suggestion, the breach may consist of the Department’s failure or refusal to pay Brill the amount claimed by him for work done under the contract. This may have been the view taken of Brill’s complaint by Judge Taylor when he held that his court had jurisdiction to entertain the cause and denied the Department’s motion to dismiss the action. Because of the foregoing we are unable to state with certainty whether the cause of action sought to be prohibited is one of which the Circuit Court of Leon County may properly entertain jurisdiction under the statute, or whether it is not.
The Florida Appellate Rules provide that if the suggestion in prohibition makes a prima facie case, the court will issue a rule directing the inferior court to show cause on a day certain why the writ as prayed for should not issue.[2] If, however, the suggestion fails to make out a prima facie case for issuance of the writ, the rule will not is *750 sue and the suggestion will be denied. Because of the reasons hereinabove mentioned we conclude and so hold that the suggestion for writ of prohibition filed herein by the Department does not make a prima facie case for issuance of the writ as prayed, so the suggestion is denied and the action dismissed.
CARROLL, DONALD K., Acting C. J., and WIGGINTON and RAWLS, JJ., concur.

. “Suits at law and in equity may be brought and maintained by and against the department on any claim under contract for work done; provided, that no suit sounding in tort shall be maintained against the department.” F.S. § 337.19'(1), F.S .A.

. “Issuance of Rule. If the suggestion makes a prima facie case the Court will issue a rule directing the inferior court to show cause on a day certain why the writ as prayed for should not issue; and such rule shall operate as a supersedeas when the same has been issued and notice thereof given to respondent.”
Rule 4.5, subd. d(2), F.A.R., 31 F.S.A.